**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **CHAD E. VINCENT** | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **No. 2:09-0103** |
| | ] | **Judge Campbell** |
| **W.B. MELTON, et al.** | ] | |
| **Defendants.** | ] | |

## O R D E R

On November 5, 2009, the Magistrate Judge entered an order (Docket Entry No. 9) denying

the plaintiff's Petition to Appoint Counsel (Docket Entry No. 8). Since then, the plaintiff has filed

a Motion to Reconsider (Docket Entry No. 12) his request for the appointment of counsel.

The Supreme Court has held that "an indigent's right to appointed counsel ....... exists only

where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Department of

Social Services, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional

right to appointed counsel in a civil action. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn.

1977).

As noted by the Magistrate Judge, the appointment of counsel for a civil litigant is a matter

within the discretion of the district court and will only occur under exceptional circumstances.

Lavado v. Keohane, 992 F.2d 601 (6th Cir. 1993). In this instance, the plaintiff asserts the complexity

of the case, his limited legal knowledge and his inability to exercise freedom of movement as the

reasons why he needs an attorney. These circumstances, however, are typical to most prisoners and

do not suggest anything exceptional in nature. The Magistrate Judge, therefore, did not abuse his

discretion when he denied the plaintiff's Petition to Appoint Counsel.

Accordingly, the plaintiff's Motion to Reconsider is hereby DENIED. He is free, of course, to renew his motion for an appointment of counsel at a later date should his circumstances change in any significant manner.

It is so ORDERED.

Todd Campbell
United States District Judge