IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | | |
|---|---|---|
| CHAD E. VINCENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CASE NO. 2:09-00103 |
| vs. | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | |
| | ) | |
| CITY OF LIVINGSTON, TENNESSEE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion for Summary Judgment filed by Defendant City of Livingston, Tennessee. Docket No. 98. In support of that Motion, Defendant has filed the Affidavits of Curtis Hayes, Jr., Mayor of the City of Livingston, and Greg Etheredge, Chief of Police for the City of Livingston. Docket Nos. 98-1, 98-2. Defendant has also filed an "Additional Memorandum in Support of the Motion for Summary Judgment." Docket No. 104. Attached to that "Additional Memorandum" is a letter written by Plaintiff to Defendant's counsel. Docket No. 104-1.

Plaintiff filed this pro se, in forma pauperis action, pursuant to 42. U.S.C. § 1983, alleging various violations of his civil rights related to the treatment afforded him while he was an inmate at the Overton County Jail. Docket No. 1. Plaintiff sues numerous Defendants,

1

including Defendant City of Livingston.[1]  *Id.*

Defendant City of Livingston filed the instant Motion for Summary Judgment and supporting Affidavits on January 22, 2010.  Docket No. 98.  Defendant argues that the Overton County Jail is operated exclusively by Overton County by and through the Overton County Sheriff's Department, and that, as the City, it has no legal responsibility or authority over the operation or maintenance of the Overton County Jail or the treatment of any prisoners or inmates contained therein, and therefore, it can have no liability under 42. U.S.C. § 1983 as a matter of law.  *Id.*  Defendant has attached the Affidavits of Mayor Curtis Hayes, Jr. and Police Chief Greg Etheredge to verify its assertions that the City of Livingston has no legal responsibility for anything pertaining to the Overton County Jail.  Docket Nos. 98-1, 98-2.

While Plaintiff has not filed an official Response to Defendant's Motion, Plaintiff did send a letter to Defendant's counsel which states as follows:

> Dear Mr. Rader:
>
> I received your Notice of Appearance today on behalf of the City of Livingston, Tennessee, in the above captioned § 1983 lawsuit.  I note the untimeliness of said Notice also pursuant to F.R.C.P.
>
> However, a summons was <u>not</u> served on your client for a reason.  Only your client's name appeared in the original draft of the Complaint, but, because I do not feel your client liable [*sic*] for the countie's [*sic*] actions, I chose <u>not</u> to serve the city.
>
> If you will prepare a Limited Nonsuit in regards to <u>only your client</u> for my signature, I'll be happy to sign it.  This should ask for dismissal / nonsuit vs. <u>your client only without prejudice</u>.

---

[1] Defendant City of Livingston is the only Defendant that is a party to the instant Motion for Summary Judgment.  The remaining Defendants have filed a Motion to Dismiss (Docket No. 105), which the undersigned will discuss in a separate Report and Recommendation.

2

Docket No. 104-1.

Because it is undisputed that Plaintiff's allegations stem solely from treatment afforded him while he was an inmate at the Overton County Jail, and because the City of Livingston has no legal responsibility for anything pertaining to the Overton County Jail, Defendant City of Livingston cannot be held liable under 42. U.S.C. § 1983 as a matter of law.

For the foregoing reasons, the undersigned recommends that Defendant's Motion for Summary Judgment (Docket No. 98) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

3

Case 2:09-cv-00103   Document 132   Filed 06/01/10   Page 3 of 3 PageID #: 424