IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| CHAD E. VINCENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 2:09-00103 |
| ) | JUDGE CAMPBELL/KNOWLES |
| ) | |
| W.B. MELTON, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court upon Defendants' "Motion for Extension of Time to File Additional Responsive Pleading and Incorporated Memorandum of Law." Docket No. 114. In the Motion, Plaintiff also "renews" his previously-denied Motion to Appoint Counsel (Docket No. 8) and his previously-denied Motion for Reconsideration (Docket No. 12). A number of Defendants filed a Response in Opposition to Plaintiff's Motion for the Appointment of Counsel, but stated that they did not oppose a reasonable extension of time for Plaintiff to respond to the Motion to Dismiss. Docket No. 119.

The instant Motion was filed February 23, 2010. On March 18, 2010, Plaintiff filed a document headed "Addendum in Support of Motion in Opposition of Defendants' Motion to Dismiss or Motion for Extension of Time to File Additional Responsive Pleading and Incorporated Memorandum of Law." Docket No. 125. Moreover, the undersigned has recently submitted a Report and Recommendation recommending that the referenced Motion to Dismiss be granted. Docket No. 136. In that Report and Recommendation, the undersigned discussed

Plaintiff's "Addendum," which the undersigned construed as "an Addendum to Plaintiff's Response." Docket No. 136, p. 2.

Therefore, Plaintiff's Motion for an extension of time to file an additional response to the referenced Motion to Dismiss is DENIED AS MOOT.

With regard to Plaintiff's "Renewed" Motion to Appoint Counsel, Plaintiff has made a number of arguments that are essentially a rehash of the arguments he made in his original Motion for the Appointment of Counsel (Docket No. 8), which was denied by the undersigned (Docket No. 9). Plaintiff sought review of the undersigned's Order by filing a document headed "Appeal Motion to Reconsider." Docket No. 12. Judge Campbell subsequently entered an Order denying Plaintiff's Motion to Reconsider the undersigned's ruling, stating in relevant part as follows:

> [U]nlike criminal proceedings, there is no constitutional right to appointed counsel in a civil action. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. 1977).
>
> As noted by the Magistrate Judge, the appointment of counsel for a civil litigant is a matter within the discretion of the district court and will only occur under exceptional circumstances. Lavoda v. Keohane, 992 F.2d 601 (6th Cir. 1993). In this instance, the plaintiff asserts the complexity of the case, his limited legal knowledge and his inability to exercise freedom of movement as the reasons why he needs an attorney. These circumstances, however, are typical to most prisoners and do not suggest anything exceptional in nature. The Magistrate Judge, therefore, did not abuse his discretion when he denied the plaintiff's Petition to Appoint Counsel.

Docket No. 13, p. 1-1.

For the foregoing reasons, Plaintiff's Renewed Motion to Appoint Counsel is DENIED. To the extent that the instant Motion for Reconsideration is directed to the undersigned, that

Motion is likewise DENIED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge